[ECF No. 59]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

HAYAT MASUDI, et al.,

　　　　Plaintiffs,

v.

UNIFORM WAREHOUSE, INC., et al.,

　　　　Defendants.

Civil No. 25-15919 (ESK/EAP)

## MEMORANDUM ORDER

Currently pending before the Court is the Motion for Leave to File an Amended Complaint by *pro se* Plaintiffs Hayat Masudi, Hamoon Masudi, and Naseeb Masudi.  ECF No. 59 (Pls.' Mot.). Defendants Uniform Warehouse, Inc., Hayat Jalala, Rashid Khan, R.C. Westmoreland, Esq., Westmoreland Vesper & Quattrone, P.C., Saul E. Cohen, Esq., and The Cohen Law Firm, LLP (collectively, "Defendants") have filed opposition, ECF No. 60, and Plaintiffs have filed a reply brief, ECF No. 61.  The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1.  For the following reasons, Plaintiffs' Motion is **DENIED**.

## FACTUAL BACKGROUND

I.　　**Plaintiffs' Allegations**[1]

According to the Proposed Amended Complaint, Plaintiff Hayat Masudi serves as Director of Operations of a retail business known as Uniform Showroom, located in Atlantic City, New Jersey.

---

[1]　Because no single document sets forth a clear, comprehensive statement of the alleged underlying facts, the following facts are drawn from Plaintiffs' Complaint, ECF No. 1 (Compl.), Proposed Amended Complaint, ECF No. 63-2 (Proposed Am. Compl.), and RICO Case Statement, ECF No. 35-1 (RICO Case Statement).

Proposed Am. Compl. ¶ 26. Plaintiffs Hamoon Masudi and Naseeb Masudi are his sons. Compl. ¶¶ 3, 15-16. Defendants include Uniform Warehouse, Inc., Uniform Warehouse Corporation, and Uniform and Accessories Warehouse, R.C, all of whom allegedly placed certain merchandise in Plaintiffs' Atlantic City showroom for display purposes; Hayat Jalala and Rashid Khan, who allegedly communicated with Plaintiffs about this merchandise and created false invoices stating that Plaintiffs owed payment for the merchandise; and R.C. Westmoreland, Esquire, Westmoreland Vesper & Quattrone, P.C., Saul E. Cohen, Esquire, and The Cohen Law Firm, LLP, all of whom allegedly filed litigation designed to perpetrate the conspiracy against Plaintiffs. *See generally* RICO Case Statement.

Plaintiffs claim that they never entered into any written agreement with Defendants for the purchase of merchandise. Proposed Am. Compl. ¶¶ 27-28. Nonetheless, on November 28, 2024, Defendants allegedly created an invoice in the amount of $316,623.15, reflecting a large-scale commercial transaction involving thousands of items. *Id.* ¶ 31. Defendants sent that invoice to Plaintiff Hayat Masudi on January 6, 2025, demanded payment, and represented that substantial quantities of merchandise corresponding to the invoice had been delivered to Plaintiffs' showroom. *Id.* ¶¶ 33-34. According to Plaintiffs, however, Defendants admitted that they had no formal bills of lading, proofs of delivery, delivery receipts, signature logs, or other formal delivery documentation, and Defendants cannot identify specific delivery dates, shipment records, tracking numbers, or inventory documentation confirming the quantities allegedly delivered. *Id.* ¶¶ 34-35. Plaintiffs allege that since then, Defendants have taken inconsistent positions regarding the alleged transaction, including asserting that Plaintiffs owe payment for goods while simultaneously claiming ownership of those same goods and seeking their return. *Id.* ¶ 39.

The Proposed Amended Complaint alleges that during January 2025, Defendants made repeated demands for payment of the invoice. *Id.* ¶ 43. Defendants also contacted Plaintiffs' family

members and unrelated individuals regarding the delivered merchandise and further extended their conduct to include contact with third parties associated with Plaintiffs' business operations. *Id.* ¶ 45. In an effort to pressure Plaintiffs into payment, Defendant Hayat Jalala threatened Plaintiffs' e-commerce manager, Noor Ahmad, that he would involve law enforcement authorities and include Ahmad in litigation concerning the invoice. *Id.* ¶¶ 45-47.

Thereafter, Plaintiffs allege that Defendants initiated litigation in New Jersey Superior Court[2] to collect the alleged debt by naming Plaintiff Hayat Masudi and his sons Hamoon and Naseeb Masudi as defendants "solely for harassment and coercion." Compl. ¶ 3; Proposed Am. Compl. ¶ 56. Plaintiffs further claim that despite having no documentation for this transaction, Defendants' state court complaint alleged that Plaintiffs accepted delivery of merchandise and were responsible for payment obligations. *Id.* ¶¶ 57-62. In the federal lawsuit, Plaintiffs contend that Defendants' conduct substantially interfered with their business operations and caused them to suffer financial loss, disruption of business operations, and reputation harm. *Id.* ¶¶ 66-67.

## II.    Procedural History

On September 24, 2025, Plaintiff initiated this litigation, setting forth claims for violation of the RICO statute, 18 U.S.C. § 1962(c), Compl. ¶¶ 38-43 (Count I); RICO conspiracy, 18 U.S.C. § 1962(d), *id.* ¶¶ 44-48 (Count II); civil rights conspiracy, 42 U.S.C. § 1985(2) & (3), *id.* ¶¶ 49-53 (Count III); malicious prosecution, *id.* ¶¶ 54-57 (Count IV); abuse of process, *id.* ¶¶ 58-61 (Count V); defamation, *id.* ¶¶ 62-66 (Count VI); and tortious interference with contractual and business relations, *id.* ¶¶ 67-72 (Count VII). On October 16, 2025, Defendants filed an Answer with Counterclaims. ECF No. 4 (Answer and Countercl. Compl.).

---

[2]   On February 25, 2025, Defendants filed suit against Hayat Masudi, Hamoon Masudi, and Naseeb Masudi d/b/a Uniform Showroom of Atlantic City, New Jersey, seeking $261,059.91 for the amount due on the merchandise delivered to Plaintiffs. *See* ECF No. 35-18 (N.J. State Ct. Compl.). The case remains pending in state court.

The Court held an initial scheduling conference on November 12, 2025, ECF No. 15, at which time the Court entered an Initial Scheduling Order. *See* ECF No. 21. The ensuing discovery period has been rife with disputes, resulting in numerous Court conferences and discovery dispute orders. *See* ECF Nos. 46, 49, 52, 56, 68 (Orders). Fact discovery has now closed, and Defendants have filed a motion for summary judgment. *See* ECF No. 71.

On May 5, 2026, Plaintiffs filed the current Motion for Leave to File an Amended Complaint. Pls.' Mot. Defendants responded on May 5, 2026, Defs.' Opp., and Plaintiffs filed a reply on May 15, 2026, Pls.' Reply. The Motion is now ripe for disposition.

**DISCUSSION**

Federal Rule of Civil Procedure 16 authorizes a court to enter a schedule for proceedings, which must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The deadline for amendment "assures that at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16(b) (advisory committee's note to 1983 amendment). Where a party seeks to amend a pleading after the deadline set by the court, Rule 16 requires a party to demonstrate "good cause" for the delay. *Rx ReLeaf LLC v. Relief TMS LLC*, No. 23-3551, 2024 WL 4894768, at *2 (D.N.J. Nov. 26, 2024) (citing Fed. R. Civ. P. 16(b)(4)). Rule 16's good cause analysis must be satisfied prior to determining whether the amendment is permissible under the more liberal standard of Federal Rule of Civil Procedure 15. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also Sullivan v. Wisler*, No. 22-2704, 2025 WL 2346336, at *2 (D.N.J. Aug. 12, 2025) ("Although motions to amend pleadings are generally governed by Federal Rule of Civil Procedure 15, 'Rule 16 serves as a threshold or gateway [and] only after a party has shown good cause under Rule 16 does the [c]ourt turn to Rule 15(a) and consider whether the party's motion to amend its pleading is appropriate under that standard.'") (quoting *Doe v. Hosp. of Univ. of Pa.*, No. 19-2881, 2021 WL 2671791, at *7 (E.D.

4

Pa. June 29, 2021)).

"The good cause standard is 'not a low threshold.'"  *Sullivan*, 2025 WL 2346336, at *3 (quoting *J.G. v. C.M.*, No. 11-2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014)).  "[T]o demonstrate 'good cause' pursuant to Rule 16, the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met."  *Rx ReLeaf*, 2024 WL 4894768, at *2 (citing *GlobespanVirata, Inc. v. Tex. Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)).  Thus, the focus of the good cause analysis "depends in large part on the diligence, or lack thereof, of the moving party."  *Tordella v. Cnty. of Cape May Bd. of Chosen Freeholders*, No. 18-15101, 2021 WL 3562895, at *2 (D.N.J. Aug. 12, 2021) (citations omitted).  To make the good cause determination, the court should "'consider whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend' prior to the expiration of the deadline."  *Ewing v. Cumberland Cnty.*, No. 09-5432, 2014 WL 3974159, at *4 (D.N.J. July 16, 2014) (quoting *Siebel v. Work At Home Vintage Emps., LLC*, Nos. 12-1199, 12-1210, 2013 WL 6094558, at *3 (D.N.J. Nov. 18, 2013) (citation omitted)).  "'The most common basis for finding a lack of good cause' under Rule 16 'is the party's knowledge of the potential claim before the deadline to amend has passed.'"  *Kuntumall v. Bristol Myers Squibb Co.*, No. 22-6449, 2026 WL 867810, at *8 (D.N.J. Mar. 30, 2026) (quoting *Kennedy v. City of Newark*, No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011)) (further citations omitted).  In other words, "[i]f a movant had the knowledge necessary to file a motion to amend prior to the expiration of the [c]ourt's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the [c]ourt may, in its discretion, deny the motion."  *Rx ReLeaf*, 2024 WL 4894768, at *3 (citing *Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, No. 15-7614, 2018 WL 1891474, at *6 (D.N.J. Apr. 20, 2018) (finding that plaintiff could not show "good cause" because it "possessed or should have possessed the knowledge necessary to file

the motion to amend" well before the deadline for amendment)). "The mere absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Id.* at *2 (citation omitted). Ultimately, "[w]hether Rule 16's good cause standard has been satisfied" is a decision "left to the [c]ourt's sound discretion." *Id.* (citation omitted).

Here, the Court held an initial scheduling conference on November 12, 2025. ECF No. 15 (Minute Entry). At that time, the Court ordered that "[t]he time within which to amend the pleadings or to join new parties will expire on **January 30, 2026**." ECF No. 21 (Order) ¶ 8. Subsequently, the Court held status and discovery conferences on January 5, 2026, and March 10, 2026, during which Plaintiffs had the opportunity to seek an extension of the amendment deadline. *See* ECF Nos. 42, 55 (Minute Entries). In addition, Plaintiffs sought various forms of relief from the Court via motions and letter applications, *see, e.g.,* ECF Nos. 24, 36, 46, 50, 54, 64, and—despite the Court's repeated reiteration that the November 12, 2025 Scheduling Order deadlines remained in place, ECF Nos. 45 (Order) ¶ 4; ECF No. 56 (Order) ¶ 5—Plaintiffs failed to request an extension of the deadline to amend. As such, the January 30, 2026 deadline remained the operative date to amend the pleadings throughout this litigation. Plaintiffs did not move to amend their Complaint until May 5, 2026, over three months after expiration of the amendment deadline.

Notwithstanding this late filing, Plaintiffs fail to even acknowledge the good cause standard, let alone establish good cause. Plaintiffs simply assert that they seek leave to "clarify and supplement factual allegations based on sworn deposition testimony and ongoing review of the evidentiary record" and that "[t]he proposed amendments do not alter the fundamental nature of this action [but rather] strengthen the factual basis of the claims already asserted." Pls.' Mot. at 1. Plaintiffs then contend that the amendments are made in good faith and at an early stage in the litigation. *Id.* at 3. In their reply brief, Plaintiffs recite the Rule 15 liberal pleading standard and claim there is no demonstrable prejudice to Defendants. Notably absent from Plaintiffs' argument is any explanation

for failing to either move to amend within the Court-imposed deadline or timely request an extension of the amendment deadline. *See Premier Comp Sols., LLC*, 970 F.3d at 319 (party forfeits any good cause argument under Rule 16 where its brief relies solely on Rule 15(a)).

Moreover, although "[s]atisfaction of the good cause standard does not rise or fall with prejudice to the non-moving party[,]" *Ross v. Forster, Garbus & Garbus*, No. 19-574, 2021 WL 791871, at *5 (D.N.J. Mar. 1, 2021), the Court nonetheless finds that prejudice to Defendants and the Court will result from Plaintiffs' belated motion. Fact discovery has closed except for the parties' efforts to resolve a limited number of outstanding deficiencies. *See* ECF No. 68. Expert discovery deadlines have passed, *id.*, and Defendants' motion for summary judgment was filed on June 23, 2026, *see* ECF No. 71. Allowing amendment at this juncture would disrupt the existing schedule, require additional motion practice, and potentially, further discovery, and unnecessarily prolong this already lengthy litigation.[3]

Accordingly, Plaintiffs have failed to establish good cause under Rule 16. Because Rule 16 serves as the threshold inquiry, the Court need not determine whether amendment would be appropriate under Rule 15. *See Premier Comp Sols., LLC*, 970 F.3d at 319.

Accordingly, for all the foregoing reasons,

**IT IS** this **2nd** day of **July 2026**,

**ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint, ECF No. 59, is **DENIED**.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Karen M. Williams, U.S.D.J.

---

[3] While the Court remains cognizant of Plaintiffs' *pro se* status, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Indeed, Plaintiffs have repeatedly demonstrated their ability to competently represent themselves throughout this litigation.